UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE GOLDMAN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEAWIND GROUP HOLDINGS PTY LTD, *et al.*,<br><br>    Defendants. | Case No. 13-cv-01759-SI<br><br>**ORDER DISMISSING CERTAIN COUNTERCLAIMS AND SETTING NEW TRIAL DATE** |

The Court has received the parties' February 13, 2015 letter. In that letter, defendants state that they concede that their first, third and fourth counterclaims have been defeated as a matter of law as a result of the Court's summary judgment ruling, and they request that those counterclaims be dismissed at this time.

Defendants also state that their damages under the second counterclaim remain to be tried, as do their claims for declaratory and injunctive relief pursuant to the fifth counterclaim. The fifth counterclaim seeks a declaration "that Plaintiffs have no justiciable claim against them related to the sale and construction of their sailboat, and to enjoin them from bringing any further such claims." Counterclaim ¶ 73. A district court has discretion to decline jurisdiction over a claim for declaratory relief. 28 U.S.C. § 2201(a); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Based upon the record of these proceedings, including the facts that there are proceedings currently pending in Singapore and that defendants are pursuing claims for damages, the Court finds it appropriate to decline jurisdiction over the fifth counterclaim. Accordingly, the Court DISMISSES the first, second, fourth and fifth counterclaims.

The parties also request that the Court vacate the March 17, 2015 trial date to allow them to pursue settlement, and they state that they have scheduled settlement conferences for March 20,

2015 and May 4, 2015 (if necessary).  The Court hereby VACATES the March 17, 2015 trial date and reschedules the trial to begin **on May 18, 2015**.  The final pretrial conference is scheduled for **May 12, 2015 at 3:30 p.m**.

Finally, plaintiffs request guidance regarding the timing and procedures to be followed with regard to seeking a default judgment against defendant Koch.  Plaintiffs should file a motion for default judgment, supported by declarations and any other evidence as necessary to prove plaintiffs' damages.  The hearing shall be set for 3:30 p.m. on a day that is at least 90 days from the date of this order.  In noticing the motion for a hearing, plaintiffs should contact the Court's clerk, Tracy Kasamoto, to select an appropriate date.

**IT IS SO ORDERED**.

Dated: February 17, 2015

SUSAN ILLSTON
United States District Judge