UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE GOLDMAN, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>SEAWIND GROUP HOLDINGS PTY LTD, et al.,<br><br>       Defendants. | Case No.  13-cv-01759-SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 119 |

Plaintiffs have filed a motion for leave to file a motion for reconsideration of the Court's summary judgment order. Plaintiffs challenge two aspects of that order.

First, plaintiffs contend that the Court improperly granted summary judgment in favor of defendants Ward and SWGH on plaintiffs' first cause of action for breach of the June 2007 Sales Contract.  The Court held that plaintiffs' claim against "defendants" for breach of that contract was precluded because the June 2007 Sales Contract was superseded by the 2010 *Mareva* Agreement. Plaintiffs' motion for leave to file a motion for reconsideration argues that the Court erred with respect to defendants Ward and SWGH because neither of those defendants was a party to the *Mareva* Agreement.

The Court finds that reconsideration of the breach of contract claim is not warranted. Ward and SWGH were not parties to the June 2007 Sales Contract.  Plaintiffs seek to hold Ward and SWGH liable for breach of that contract under an alter ego theory, and thus their liability is derivative of the other defendants' liability.  A "plaintiff's claim against the alter ego defendant is identical with that claimed by plaintiff against the already-named defendant." *Hennessy's Tavern, Inc. v. Am. Air Filter Co*., 204 Cal. App. 3d 1351, 1358 (1988). Here, plaintiffs' derivative alter ego claims against Ward and SWGH for breach of the 2007 Sales Contract fail because plaintiffs'

claims against the other defendants for breach of that contract fail. To the extent the alter ego claims are based on the alleged liability of Corsair Marine Sales Pte Ltd. and Corsair Marine International Pte. Ltd., the claims fail due to *res judicata*.[1]  To the extent the alter ego claims are based on the alleged liability of the other defendants, those claims fail because they are precluded by the *Mareva* agreement.

Second, plaintiffs contend that the Court erred by granting summary judgment in favor of defendants on plaintiffs' claim for breach of the 2012 settlement agreement. Plaintiffs note that the summary judgment order incorrectly stated that Ward sent plaintiffs an e-mail on September 12, 2012, when in actuality Ward sent that e-mail on September 13, 2012 at 3:32 p.m.  In their motion for leave to file a motion for reconsideration, plaintiffs argue that this error was critical because it was the September 13, 2012 at 3:32 p.m. e-mail from Ward that allegedly repudiated the 2012 settlement agreement. Plaintiffs argue that reconsideration is warranted because when Ward's e-mail is read in the proper chronology, it becomes clear – or at a minimum there are factual issues that must be resolved by a jury – that Goldman's September 12, 2012 at 7:53 p.m. e-mail to Sganzerla asking about readying the boat for motoring from Vietnam does not support the conclusion that Goldman was acting as though there were an agreement in place. Plaintiffs also assert, *inter alia*, that the Court improperly drew inferences in favor of defendants, and that the court did not analyze Singapore law.

The Court finds that reconsideration is not warranted.  Although plaintiffs now argue that Ward repudiated the settlement agreement in the September 13, 2012, 3:32 p.m. e-mail, plaintiffs previously asserted, in their opposition to defendants' motion for summary judgment, that Ward repudiated the agreement on September 6, 2012.  *See* Dkt. 95 at 30 n.10 & 31:6-12.  As the Court noted in the summary judgment order, throughout this litigation plaintiffs have repeatedly changed their theories; plaintiffs' summary judgment papers advanced theories different from those alleged in the FAC, and at the hearing plaintiffs' counsel asserted arguments that differed in some respects from those contained in the summary judgment papers.  Plaintiffs cannot advance a new theory in

---

[1] It is undisputed that plaintiffs obtained a default judgment in Singapore against CMIPL and CMSPL for breach of the 2007 Sales Contract. In opposition to defendants' motion for summary judgment, plaintiffs did not dispute that any claims against CMIPL and CMSPL for breach of the 2007 Sales Contract were precluded by *res judicata*.

a motion for reconsideration; the Court's summary judgment order analyzed the record based upon the arguments that were presented.  In any event, the Court finds that the timing of Ward's September 13, 2012, 3:32 p.m. e-mail is not dispositive.  Viewing that e-mail in the proper chronology does not alter the Court's conclusion that defendants did not breach the 2012 settlement agreement as alleged in the FAC, and thus that defendants are entitled to summary judgment on plaintiffs' second cause of action.

The Court also notes that while defendants moved for summary judgment on plaintiffs' second cause of action, plaintiffs did not move for summary judgment on that claim, and neither party moved for summary judgment on defendants' counterclaim that plaintiffs breached the 2012 settlement agreement.  The summary judgment order was limited to holding that defendants did not breach the 2012 settlement agreement.  There has been no adjudication of plaintiffs' liability under the second counterclaim.  The parties may assert arguments regarding the collateral consequences, if any, of the summary judgment order on defendants' second counterclaim in motions in limine.

**IT IS SO ORDERED.**

Dated: April 3, 2015

_____
SUSAN ILLSTON
United States District Judge